UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61208-CIV-ROSENBAUM

AUREL TIMIS,

       Plaintiff,

v.

WOODMERE LAKES HOMEOWNER'S
ASSOCIATION, INC., and
ROBERT COTUMACCIO, *individually and as
President of Woodmere Lakes Homeowner's
Association*,

       Defendants.
       _____/

## ORDER DISMISSING AMENDED COMPLAINT

This matter is before the Court upon *pro se* Plaintiff Aurel Timis's Amended Complaint [D.E. 7] and Motion for Leave to Proceed *In Forma Pauperis* [D.E. 3]. The Court has carefully reviewed Plaintiff's Amended Complaint and Motion, as well as the entire record, and is otherwise duly advised in the premises. For the reasons set forth below, the Court dismisses Plaintiff's Amended Complaint but grants one more opportunity to amend.

### *I. Background*

Plaintiff, proceeding *pro se*, filed his original Complaint in this case on June 3, 2013. In his Complaint, Plaintiff alleges that Defendants discriminated against him due, apparently, to his Romanian heritage, in violation of 42 U.S.C. § 1983. D.E. 1, ¶¶ 9, 11. Plaintiff also filed a motion to proceed *in forma pauperis*. D.E. 3. After reviewing the Complaint, as provided by 28 U.S.C. § 1915(e)(2), the Court dismissed the Complaint for failing to state a claim under § 1983. *See* D.E.

4. Specifically, the Court found the Complaint failed to allege that Defendants acted under color of state law. *Id.* Plaintiff was given leave to amend his allegations and, on July 8, 2013, he filed an Amended Complaint. D.E. 7.

In the original Complaint, Plaintiff alleged that Defendant Robert Cotumaccio—acting as the head of Defendant Woodmere Lakes Homeowner's Association—harassed him and his wife, causing his wife to move out of their home and made "defamatory statements" that "he and his family were gypsies from Romania." D.E. 1, ¶¶ 11-12. Plaintiff asserted that Cotumaccio used complaints about Plaintiff's vehicle—a Cheverolet van—and the upkeep of Plaintiff's yard and home as pretext for this harassment. *Id.* ¶ 10. Plaintiff contended that as "a result of the Defendant's [*sic*] harassment the Plaintiff lost his home," although Plaintiff does not explain the mechanism through which his home was lost. *Id.* ¶ 13.

Plaintiff's Complaint alleged that Defendant Woodmere Lakes Homeowner's Association, Inc., ("Woodmere Lakes HOA") is a "Florida not for Profit Corporation" and "is a legal fiction organized in the State of Florida, holding itself out as a Home Owners Association, exercising control and dominion over the Plaintiff and his property in Sarasota County, Florida." *Id.* ¶ 6. The Complaint further alleged that Cotumaccio acted both as President of Woodmere Lakes HOA and as "a natural person acting in his individual capacity." *Id.* ¶¶ 7-8.

In most respects, Plaintiff's Amended Complaint is identical to his original pleading except for the addition of conclusory phrases such as "under the law of the State of Florida," "under Chapter 720 of the Florida Statutes," or "under the color of the laws of the State of Florida" when discussing Defendants and their actions. *See, e.g.*, D.E. 7, ¶¶ 6, 7, 9, 10. Plaintiff also adds two new allegations. Plaintiff asserts that, in furtherance of the "campaign of harassment," Cotumaccio filed

a lawsuit in Florida state court falsely claiming that Plaintiff parked a commercial vehicle in the Woodmere community. *Id.* ¶ 13. Plaintiff further alleges that Cotumaccio acted under "color of Florida Statute Chapter 720" in prosecuting the harassment "by advising the Plaintiff that he would not permit gypsies to live in his community and he would make it his job to run Plaintiff out of the community." *Id.* ¶ 15.

## *II. Discussion*

Under 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil action without prepayment of fees or costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he or she is unable to pay such costs or give such security.[1] Motions pursuant to Section 1915(a) are commonly known as *in forma pauperis* motions. A court has "wide discretion" in determining whether to grant or deny a motion pursuant to § 1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989). Nevertheless, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss a case if the

---

[1]The provisions of 28 U.S.C. § 1915(a)(1) state:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

*Id.* "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citing *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir.1997)); *see also Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir.1997).

court determines that the action "fails to state a claim on which relief may be granted."

In conducting its review of a *pro se* litigant's pleadings, courts construe them liberally and hold them to a less stringent standard than those drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But in so doing, courts may not act as *de facto* counsel for *pro se* litigants.  *Giles v. Wal-Mart Dist. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009).

In evaluating the Complaint, the Court considers Rule 8(a)(2), Fed. R. Civ. P., which demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Florida*, 293 F. App'x 708, 709, *1 (11th Cir. 2008)*; Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  Similarly, "naked assertion[s]" bereft of "further factual enhancement" do not suffice, either. *Twombly*, 550 U.S. at 555, 557.  As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.  In reviewing Plaintiff's Complaint for sufficiency, this Court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

Plaintiff asserts a claim of discrimination under 42 U.S.C. § 1983.  To prevail on a § 1983 claim, "a plaintiff must show that the violative conduct was committed by a person acting under

color of state law and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (citations and internal quotations omitted). The actions of private organizations "may be considered state action 'only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). The Eleventh Circuit has adopted three tests for attributing state authority to private actors for the purposes of § 1983: (1) the public function test, where private actors perform functions that are traditionally in the exclusive purview of the state; (2) the state compulsion test, where the state has coerced the prohibited conduct by a private actor; and (3) the nexus/joint action test, "where the state has so far insinuated itself into a position of interdependence with the private party" that it must be viewed as a participant in the prohibited conduct. *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (citations omitted).

Here, even viewed liberally, Plaintiff's addition, in various permutations, of the conclusory allegation that Defendants acted under color of state law is the type of "naked assertion" that the Supreme Court has found insufficient to state a claim. Plaintiff alleges that Defendant Woodmere Lakes HOA is a Florida corporation and that Cotumaccio acted as the president of that corporation and as an individual. Although Plaintiff now alleges that the HOA and Cotumaccio acted under color of law, particularly under Chapter 720 of the Florida Statutes, at no place does Plaintiff set forth facts making such an allegation plausible.

Chapter 720 is Florida's statutory recognition of non-profit corporations that operate as homeowners' associations. *See* Fla. Stat. § 720.302. Mere recognition or regulation of a corporation

by the state, though, does not by itself provide the nexus required to attribute private action to the state. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350-51 (1974); *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1327 (S.D. Fla. 2004) (citing *Fletcher v. Florida*, 858 F. Supp. 169, 171 (M.D. Fla. 1994).  Homeowners' associations and their officers are recognized as private entities. *See Loren*, 309 F.3d at 1303 (holding that a homeowners' association is a private entity for purposes of § 1983).  Nothing about the fact that Chapter 720 generally recognizes and regulates homeowners' associations is sufficient to demonstrate the required nexus between Woodmere Lakes HOA or Cotumaccio and the state under any of the three tests for attributing state action to private conduct.

Similarly, the Complaint contains no other factual allegations that indicate any type of nexus between the state and the challenged discrimination that would bring Defendants within the scope of § 1983.  The closest Plaintiff comes is his new allegation concerning the lawsuit filed by Cotumaccio in state court.  Courts have recognized that state action may be found when purely private litigation results in a state-court judgment that is immediately enforceable by the state. *See Paisey v. Vitale*, 807 F.2d 889, 893-94 (11th Cir. 1986) (discussing *Henry v. First Nat'l Bank of Clarksdale*, 444 F.2d 1300 (5th Cir. 1971)).  At the very least, however, the state action arises only after a final judgment or order on the merits is rendered by the state court. *Id.*  Here, although Plaintiff alleges that Cotumaccio filed a lawsuit, he does not indicate the final disposition of that lawsuit.  The mere filing of this lawsuit, without an allegation of a final judgment or order,[2] is insufficient to demonstrate the state action required for § 1983.

Without state action, Plaintiff cannot state a claim under § 1983.  Accordingly, the Court

---

[2] Of course, to be actionable under § 1983, any final judgment or order must also deprive Plaintiff of a right secured by the Constitution or federal law. *See Paisey*, 807 F.2d at 894. Merely losing in state court does not automatically give rise to a civil-rights claim. *Id.* at 895 n.7.

must once again dismiss the action.  However, because Plaintiff's new allegation about the state-court lawsuit may, if the required facts exist and are properly pleaded, state a claim under § 1983, the Court will grant Plaintiff one final opportunity to amend his complaint.

### *III.  Conclusion*

For the foregoing reasons, Plaintiff's Amended Complaint [D.E. 7] is **DISMISSED**. Plaintiff shall have until **July 26, 2013**, in which to amend his complaint to properly state a claim. Failure to file an amended pleading with the Court by this date will result in the denial of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [D.E. 3] and the closing of the case file.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 12th day of July 2013.

                                                                                          _____
                                                                                          ROBIN S. ROSENBAUM
                                                                                          UNITED STATES DISTRICT JUDGE

copies:

Aurel Timis
300 NE 12th Avenue
Apt 408
Hallandale, FL 33309